UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

RICKY SUMMERS, )
)
    *Petitioner*, )  No. 4:10-cv-2
v. )  *Mattice/Lee*
)
DAVID MILLS, WARDEN, )
)
    *Respondent*. )

## **MEMORANDUM**

The Court has received a petition under 28 U.S.C. § 2254 for a writ of habeas corpus from Ricky Summers ("Summers"). Summers challenges his 1985 conviction and sentence for first degree murder on several grounds.[1] Summers claims he is in the custody of the respondent-warden pursuant to the 1985 Franklin County Criminal Court judgment in violation of the Constitution, Sixth Amendment, and Due Process Clause.

This is Summers's second petition for federal habeas corpus relief challenging his 1985 Franklin County conviction and sentence. His first habeas corpus petition complained of numerous alleged constitutional violations in addition to ineffective assistance of counsel. Petitioner's first petition for federal habeas corpus relief was dismissed. *Ricky Summers v. Warden David Mills*, Civil Action No. 4:00-cv-25 (E.D. Tenn. 2001). Summers did not pursue an appeal to the United States Court of Appeals for the Sixth Circuit.

The Antiterrorism and Effective Death Penalty Act, effective April 24, 1996, requires

---

[1] Summers is serving a sentence of life without parole for first degree murder.

1

a petitioner to obtain permission in the United States Court of Appeals for the Sixth Circuit for an order authorizing this Court to consider a second or subsequent petition. 28 U.S.C. § 2244(b)(3); *also see Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063, 1066 (6th Cir.), *cert. denied*, 520 U.S. 1224 (1997). When a petitioner files a second or successive petition for habeas corpus relief in the district court without § 2244(b)(3) authorization from the Sixth Circuit Court of Appeals, this Court must transfer the document(s) pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). This Court has not received an order from the Sixth Circuit authorizing the Court to consider the pending petition. Therefore, this District Court lacks jurisdiction to adjudicate this § 2254 petition. Accordingly, because Summers' new § 2254 petition is a successive petition without permission from the Sixth Circuit Court of Appeals, the Clerk will be **DIRECTED** to **TRANSFER** this action to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d at 47.

  An order will enter.

                  /s/Harry S. Mattice, Jr.
                  HARRY S. MATTICE, JR.
                  UNITED STATES DISTRICT JUDGE